EL PUEBLO, DEMANDANTE Y APELADO, *v.* MAGARIÑO, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por delito de hurto de mayor cuantía.

No. 1160.—Resuelto en julio 28, 1917.

HURTO DE MAYOR CUANTÍA—SUSTRACCIÓN DE SELLOS DE CORREO—CONFESIÓN DE CULPABILIDAD—OCUPACIÓN DE TODOS LOS SELLOS SUSTRAÍDOS.—La confesión de culpabilidad de un hurto de sellos de correo, aunque no determine la cantidad sustraída, corroborada por la entrega por el acusado de parte de los sellos de la clase y taladro de los hurtados, es suficiente para conectarle con el delito y por tanto, para sostener el veredicto de culpabilidad en cuanto al hurto, sin que fuera necesario en este caso que aparecieran todos los sellos

hurtados, demostrada la oportunidad que tuvo el acusado para sustraerlos, además de la prueba de que, los que no se hallaron, desaparecieron durante la misma noche en que él hurtó la parte encontrada y sin que exista motivo para sospechar de ninguna otra persona.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

A Pedro Magariño se le imputó un delito de hurto de mayor cuantía porque allá el día 2 de noviembre de 1916 o con anterioridad a esa fecha sustrajo ilegalmente del Departamento de Educación, en San Juan, diez rollos de sellos de correo valorados en cien dólares, pertenecientes a El Pueblo de Puerto Rico.

El juicio se celebró por jurado que lo declaró culpable del delito imputádole, siendo condenado a la pena de un año de presidio con trabajos forzados, contra cuya sentencia apeló para ante este tribunal.

El apelante ha presentado alegato y también informó oralmente, y sólo expresa que no puede ser declarado culpable del delito de hurto de mayor cuantía porque no se probó que los sellos tomados por él tuvieran un valor de cien dólares o más, y que las declaraciones de las personas que lo acusan deben mirarse con cautela porque son cómplices.

Hemos examinado la prueba y la creemos suficiente para sostener la sentencia condenatoria. De ella aparece que en el Departamento de Educación, de donde el acusado era mensajero, allá por el día 1 de noviembre, 1916, se compraron sellos de correo, de distintas denominaciones, por valor de cerca de quinientos dólares; que al día siguiente, por la mañana, se encontró abierta una de las puertas de la oficina de propiedad y cuentas, así como abierta también la caja donde se guardaban los sellos, de los que faltaban por valor de cien dólares; que el acusado, quien tenía libre acceso a todos los

salones del departamento, entregó a uno de los testigos cinco rollos de sellos de a dos centavos, de quinientos sellos cada rollo, para ser vendidos, como en efecto fueron algunos vendidos por él y por otro testigo, y que al devolver al acusado el resto de los sellos no vendidos éste le dijo que no se los entregara, que los echara al agua porque en aquel mismo día habían mandado a buscar del Departamento de Educación a la detective; que la detective ocupó en varias casas de San Juan algunos de los sellos vendidos que eran de la misma clase y taladro que los sustraídos; y que, cuando el acusado fué arrestado, confesó su culpabilidad ante dos testigos. La confesión de culpabilidad, aunque no determina la cantidad de sellos hurtados, corroborada por la entrega por el acusado de parte de los sellos de la clase sustraída, es suficiente para conectarle con el delito y por tanto para sostener el veredicto en cuanto al hurto. Demostrada la oportunidad que tuvo el acusado para llevar el resto de los rollos que faltaban, además de la prueba de que éstos desaparecieron durante la misma noche en que él hurtó la parte a que se refiere la prueba directa y no existiendo motivo para sospechar de ninguna otra persona, entendemos, como decimos antes, que la prueba del hurto de todos los sellos que faltaban es suficiente y que no era necesario que aparecieran todos los sustraídos.

Los testigos que vendieron los sellos, si en manera alguna pueden ser considerados como cómplices del acusado, han sido suficientemente corroborados.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.